# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGHERTY, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00487-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 9) |

Plaintiff Emmanuel Reeves ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to appoint counsel, filed April 17, 2020. (ECF No. 9.) In his motion, Plaintiff states that he has made diligent efforts to obtain legal counsel but has been unsuccessful due to his inability to pay or lack of communication from prospective attorneys. Plaintiff states that he does not understand the law nor what he would be required to do in a court. He is also receiving mental health treatment and under ADA, and is indigent and cannot pay an attorney to take his case. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298

(1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se*, *in forma pauperis*, and receiving mental health treatment almost daily.  These prisoners also must conduct legal research and learn to follow Court orders without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed.  Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 9), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __April 20, 2020__       /s/ *Barbara A. McAuliffe*_
                                             UNITED STATES MAGISTRATE JUDGE