# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES, | Case No. 1:20-cv-00487-BAM (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| DOUGHERTY, *et al.*, | (ECF No. 11) |
| Defendants. | |

Plaintiff Emmanuel Reeves ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 17, 2020, Plaintiff filed a motion to appoint counsel. (ECF No. 9.) In his motion, Plaintiff stated that he has made diligent efforts to obtain legal counsel but has been unsuccessful due to his inability to pay or lack of communication from prospective attorneys. Plaintiff stated that he does not understand the law nor what he would be required to do in a court. He is also receiving mental health treatment and under ADA, and is indigent and cannot pay an attorney to take his case. (Id.) On April 20, 2020, the Court issued an order denying the motion, without prejudice, finding that Plaintiff had not met the required exceptional circumstances for appointment of counsel. (ECF No. 10.)

Currently before the Court is Plaintiff's "Response to Denial of Motion to Appoint Counsel," filed May 27, 2020, which the Court construes as a request for reconsideration of the

Court's order denying Plaintiff's motion to appoint counsel.  (ECF No. 11.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In the instant request for reconsideration, Plaintiff primarily reiterates the arguments made in his original motion to appoint counsel, specifically that he is an ADA patient and receiving mental health treatment at the Enhanced Outpatient (EOP) level.  (ECF No. 11; see ECF No. 9.) Plaintiff also states that he is taking a variety of medications, and requires assistance from other inmates to prepare his claim.  Plaintiff has also attached documentation to support his statements, indicating that he has a TABE Score of 5.9.  (Id.)  However, these additional and supplemental facts do not provide a strongly convincing basis to reverse the Court's prior order denying appointment of counsel.

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Plaintiff's lack of education in legal matters, current educational level, and current mental health treatment do not demonstrate exceptional circumstances.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and receiving mental health treatment almost daily.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed.  Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's request for reconsideration, (ECF No. 11), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 28, 2020**            /s/ *Barbara A. McAuliffe*            
                                      UNITED STATES MAGISTRATE JUDGE

3