# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES, | Case No. 1:20-cv-00487-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| DOUGHERTY, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Emmanuel Reeves ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 3, 2010, the Court screened Plaintiff's complaint and granted leave to amend. Plaintiff's first amended complaint, filed on August 21, 2020, is currently before the Court for screening. (ECF No. 16.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff is currently housed in California State Prison at Corcoran (Corcoran). The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran. Plaintiff names the following defendants: (1) S. Dougherty, Registered Nurse, (2) E. McDaniel, CSE(A), and (3) Ken Clark, Warden. In Claim I, Plaintiff alleges a violation of Eighth Amendment by committing perjury and denied right to administrative remedy.

Plaintiff alleges:
> "I wrote an health care 602 appeal to seek administrative remedy.  On Dec. 5, 2019 Registered Nurse (RN) S. Dougherty marked that I refused my ducat for interview seeking administrative relief, but in fact that ducat was marked canceled per CTC S&E Correctional Officer Medina. On 10/9, 2019 I experience severe abdominal pain, diarrhea, chest pain and back pain.  On 10/12, 2019 I was seen in the triage and treatment area for complaints and transferred to a higher level of care. To this date 8/18, 2020 claimant still suffers injuries." (unedited text).

In Claim 2, Plaintiff alleges a Fourteenth Amendment violation of his right to a remedy by conspiring against Plaintiff and depriving him of a remedy and denying equal protection.

Plaintiff alleges:
> By S. Dougherty writing the response to my 602 claiming my refusal of interview, S. Dougherty sent response to supervisor E. McDaniel (CSE(A)) reviewed and signed report stating all is true. Which is clearly falsifying documentation when per CTC S&E Correctional Officer Medina my ducat was marked canceled, making it impossible to exercise my right to get relief through

2

the grievance process. By doing so conspired to deny claimant of his fundamental right to remedy. E. McDaniel (CSE(A)) became subordinate to perjury, signing on to a falsified document. The warden of Corcoran State Prison (CSP) Kenneth Clark is responsible for the treatment of all inmates under his charge per CCR Title 15 Section 3380(9)." (unedited text)

As remedies, Plaintiff seeks compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Plaintiff's allegations are vague and conclusory statements. Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff was previously informed that the must state allegations of what happened, when it happened or who was involved, but the amended complaint fails to correct this deficiency.

///

**B. Eighth Amendment – Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891

1 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d
2 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing
3 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course
4 of treatment the doctors chose was medically unacceptable under the circumstances and that the
5 defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681
6 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

7 Plaintiff may be attempting to allege some kind of underlying denial of medical care, but
8 fails to allege any facts as to what each defendant did or did not do related to his medical care. In
9 the amended complaint, it remains unclear what happened related to Plaintiff's medical care or
10 even if Plaintiff is alleging a denial of medical care. The Court finds that Plaintiff's complaint
11 does not state a cognizable claim for deliberate indifference to serious medical needs in violation
12 of the Eighth Amendment. Despite being provided with the relevant pleading and legal standards
13 for a medical claim, Plaintiff has been unable to cure this deficiency.

14 **C. Inmate Grievances**

15 Prisoners do not have "a separate constitutional entitlement to a specific prison grievance
16 procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855
17 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process
18 inmate grievances in any specific way. Plaintiff's claim that certain Defendants improperly
19 denied or canceled his grievances does not state a cognizable claim for a violation of his due
20 process rights because there is no right to a particular grievance process or response. See, e.g.,
21 Towner v. Knowles, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state
22 claims that would indicate a deprivation of his federal rights after defendant allegedly screened
23 out his inmate appeals without any basis); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal.
24 Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative
25 claims.").

26 Plaintiff's main allegations focus on the manner in which his 602 grievance was handled,
27 investigated, and resolved. However, as Plaintiff has been informed, Plaintiff does not have a
28 constitutional right to any specific prison grievance procedure or to the handling of his prison

1 grievance. This deficiency cannot be cured by amendment.

### D. False Allegations

Plaintiff also appears to claim defendants made false claims against him on the CDCR 7225. However, the issuance of a false allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986)); Canovas v. California Dept. of Corrections, 2014 WL 5699750, at *2 n.2 (E.D. Cal. Oct. 30, 2014).

Plaintiff does not have a constitutional right to challenge false accusations. Accordingly, Plaintiff fails to state a cognizable claim, which cannot be cured on amendment.

### E. Supervisor Liability

Plaintiff is attempting to impose liability against Defendant Warden Clark based on his role as supervisor, which Plaintiff may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020−21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205−06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist

1    without any personal participation if the official implemented "a policy so deficient that the

2    policy itself is a repudiation of the constitutional rights and is the moving force of the

3    constitutional violation." Redman v. Cty, of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)

4    (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511

5    U.S. 825 (1970).

6    　　　As discussed above, Plaintiff has not stated claims for a violation of his constitutional

7    rights. Accordingly, Plaintiff cannot attempt to impose supervisory liability in the absence of such

8    violations.  As Plaintiff does not have a constitutional right in his grievance process claim and has

9    not been able to cure deficiencies in his medical claim, and leave should not be granted for those

10   claims, leave to amend would be futile against Defendant Clark.

11   **F.  Fourteenth Amendment Due Process**

12   　　　Plaintiff alleges claims under the Fourteenth Amendment.  The due process clause of the

13   Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property

14   without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The procedural

15   guarantees of the Fourteenth Amendment's due process clause apply only when a constitutionally

16   protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651 (1977).

17   Once again, it is unclear what Due Process violation Plaintiff alleges.

18   　　　The Equal Protection Clause requires that persons who are similarly situated be treated

19   alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v.

20   California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan,

21   705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To

22   state a claim, Plaintiff must show that Defendants intentionally discriminated against him based

23   on his membership in a protected class, Hartmann, 707 F.3d at 1123, Furnace, 705 F.3d at 1030,

24   Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d

25   1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or

26   that similarly situated individuals were intentionally treated differently without a rational

27   relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591,

28   601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd.

v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not otherwise allege he is being discriminated on account of his membership in a protected class, such as due to his race, see Washington v. Davis, 426 U.S. 229, 239 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."). Indeed, while Plaintiff claims denial of equal protection, he fails to allege any supporting facts.  As the underlying claims appear to be processing of Plaintiff's 602 grievance and a medical claim, it is unclear what equal protection rights are at issue. To the extent Plaintiff alleges that either, how his grievance was processed or how he was medically treated, violates the Equal Protection Clause, Plaintiff fails to state a claim.  As stated above, Plaintiff has no constitutional right in processing his grievance. As Plaintiff as not been able to cure deficiencies in the underlying claims and leave should not be granted for those claims, leave to amend should not be granted for the equal protection claim.

### IV.    Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| | |
|---|---|
| Dated: **August 25, 2020** | /s/ *Barbara A. McAuliffe* |
| | UNITED STATES MAGISTRATE JUDGE |