UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL REEVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOUGHERTY, *et al.*,<br><br>　　　　Defendants. | No.  1:20-cv-00487-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 24)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 18) |

　　　　Plaintiff Emmanuel Reeves is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On August 26, 2020, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations recommending that this action be dismissed based on plaintiff's failure to state a cognizable claim upon which relief may be granted.  (Doc. No. 18.) Following the granting of two extensions of time, on October 5, 2020, plaintiff timely filed objections to the findings and recommendations, together with a motion to appoint counsel. (Doc. Nos. 23, 24.)

/////

1

With respect to plaintiff's request for counsel, plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered plaintiff's request for the appointment of counsel, but does not find the required exceptional circumstances. Plaintiff argues that he is participating in the Mental Health Delivery System at the Enhanced Outpatient Program level of care, his Test of Adult Basic Education reading grade point level is 5.9, and he therefore requires special accommodation to achieve effective communication. (Doc. No. 24.) Plaintiff further states that due to the COVID-19 pandemic he does not have access to the law library, is on quarantine, and is up for transfer. (*Id.*)

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not otherwise exceptional. This Court is faced with similar cases filed by prisoners receiving mental health treatment, with limited education and legal resources, proceeding *pro se* almost daily and no resources are available for the court to secure counsel for all those in such circumstances.

Furthermore, it cannot be said that plaintiff is likely to succeed on the merits of his claims. This is particularly the case here where it has been found that plaintiff has failed to state a cognizable claim in either his original or first amended complaint.

/////

Plaintiff's objections to the magistrate judge's findings and recommendations are largely identical to the motion for legal representation and do not provide any basis for overturning the findings and recommendations. (Doc. No. 23.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis. Moreover, as suggested by the findings and recommendation in recommending dismissal with prejudice, despite being provided with relevant pleading and legal standards, plaintiff was unable to cure the deficiencies noted in his original complaint. (Doc. No. 18 at 8.) Therefore, the granting of further leave to amend would be futile.

Accordingly,

1. Plaintiff's motion to appoint counsel, (Doc. No. 24), is denied;
2. The findings and recommendations issued on August 26, 2020, (Doc. No. 18), are adopted in full;
3. This action is dismissed, with prejudice, due to plaintiff's failure to state a cognizable claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 8, 2021**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

3